John H. Robinson
JAMIESON & ROBINSON, LLC
185 West Broadway – Suite 101
P.O. Box 4285
Jackson, Wyoming  83001
307-733-7703
307-577-9435 FAX
robinsn@vcn.com

Attorney for Plaintiff

```
                              FILED
                         U.S. DISTRICT COURT
                         DISTRICT OF WYOMING

                         2015 SEP 10  PM 2 36

                         STEPHAN HARRIS, CLERK
                                CASPER
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DUSTY REILLY, as next friend of TL, A Minor | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 15CV158-S<br>) |
| LINCOLN COUNTY SCHOOL DISTRICT NO. 2;<br>JON ABRAMS;<br>JOSEPH HALE, and<br>DOES, 1-5; | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Dusty Reilly, as next friend of TL, A Minor, through undersigned counsel, and for her claims against Defendants, states and allege as follows.

*Reilly, etc. v. Lincoln County School District, et al*
*Complaint*
*Page 1 of 10*

Receipt # CAS0001513
Summons: 3 issued
_____ not Issued

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, seeking compensatory and punitive relief for violations of Plaintiff's rights guaranteed under Title IX and the Fourteenth Amendment to the Constitution of the United States.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this claim arises under the Constitution and laws of the United States.  This Court is authorized to grant the declaratory relief requested herein pursuant to 29 U.S.C. § 2201(a).

3. This Court also has jurisdiction over plaintiffs state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

4. Plaintiff has complied with the Wyoming Governmental Claims Act (Wyo.Rev.Stat. § 1-39-101 *et seq.*) by presenting a Notice of Claim to Jon Abrams, former Superintendent of the LCSD, on September 10, 2014. Ex. 1, Notice of Claim; Ex. 2, Affidavit of Service.

5. The Notice of Claim was an itemized statement in writing, signed and certified to under penalty of perjury, and meets the jurisdictional requirements of W.S. §§ 1-39-101, *et seq.*, and Wyo.Const. article 16 § 7.

6. The Notice of Claim complied with the presentation requirements of the Wyoming Governmental Claims Act.

7.      The Notice of Claim (Ex. 1) was signed by Plaintiff, and by TL, in accordance with the certification provisions of Article 16, § 7 of the Wyoming Constitution, as well as Wyo.Rev.Stat. §1-39-113.

8.      Pursuant to 28 U.S.C. § 1391 (b)(2), proper venue for this case is the United States District Court for the District of Wyoming because the acts and omissions complained of herein occurred within the District of Wyoming.

## PARTIES

9.      Plaintiff, Dusty Reilly, is a resident of Lincoln County, Wyoming, and the parent and next friend of her son, TL, who was a student at Star Valley High School, a public school within the purview of the Defendant school district.

10.     Defendant Lincoln County School District Number Two ("LCSD") is a local governmental corporation, formed pursuant to Wyoming Statutes §§ 21-3-101, *et seq.* It is governed by its board of trustees pursuant to Wyoming Statute § 21-3-105.

11.     Defendant Jon Abrams ("Abrams"), at all pertinent times to the facts alleged herein, was the Superintendant of LCSD and was responsible for supervising, training and otherwise evaluating the employees of LCSD. Abrams is sued in his official and individual capacities. At all times pertinent to the facts alleged herein, Abrams acted in the course and scope of his employment with LCSD – and was thus, a state actor, for purposes of 42 U.S.C. § 1983.

12.     Defendant Joseph Hale ("Hale"), at all pertinent times to the facts alleged herein, was employed by the LCSD as an athletic coach for the LCSD middle school track program.

Hale is sued in his individual capacity. At all times pertinent to the facts alleged herein, Hale knew both TL and ND and acted in the course and scope of his employment with LCSD – and was thus, a state actor, for purposes of 42 U.S.C. § 1983.

13. Defendant DOES 1-5, at all times pertinent to the facts alleged herein, were employed by the LCSD as athletic coaches, activities directors, or other employees of the LCSD's Star Valley High School or Star Valley Middle School, whose identities are unknown at present. These DOE Defendants are sued in their individual capacity. At all times pertinent to the facts alleged herein, said DOES acted in the course and scope of their employment with LCSD – and were thus, state actors, for purposes of 42 U.S.C. § 1983.

14. Any and all actions or inactions of these Defendants in relation to the allegations contained herein were committed under color of state law, and constituted "state action."

## FACTS COMMON TO ALL CAUSES OF ACTION

15. By this reference, Plaintiff incorporates each and every foregoing allegation and paragraph.

16. Hale, Abrams and the DOE Defendants were at all times relevant hererto, employees of the LCSD who were responsible for keeping LCSD students over whom they supervised, safe while participating in extracurricular activities, such as athletics. Such responsibility included, but was not limited to, addressing known dangers and appropriately disciplining students they deemed to pose a threat to other students.

17.     During the 2011-2012 academic school year, and before, Hale and DOES became aware that a LCSD student-athlete – ND – was sexually bullying, harassing, and assaulting other students of the LCSD.

18.     Such sexual bullying and harassing, included ND's inappropriate sexual comments to other students, homophobic slurs directed at other students, unwelcome physical touching, and exposing his genitalia to other students.

19.     Rather than appropriately discipline ND, Hale and DOES looked the other way and permitted him to continue participating in athletics, in part because he was one of the better athletes in the athletic program in the LCSD schools.

20.     In the fall of 2012, TL was an athlete on the Star Valley ninth grade football team.

21.     Sometime between September 14 and October 26, 2012, while riding a school bus returning from a football game, TL was sexually assaulted by ND.

22.     The assault began while TL was asleep on the school bus; and, he was awakened by ND's penis and scrotum on TL's face and touching TL's mouth.

23.     At other times, both before and after the assault described in the foregoing paragraph, TL was assaulted and bullied by ND in the locker room, where ND attempted to put his genitalia in contact with various areas of TL's body.

24.     At other times, both before and after the assault of TL described two paragraphs above, ND assaulted and bullied other student-athletes in the locker room by attempting to put his genitalia in contact with various areas of those other student-athletes' bodies.

25.     ND also called TL and other non-starters on the football team "gay" and "faggot."

26. The sexual assaults and bullying of TL by ND continued throughout the football season in the fall of 2012.

27. As a result of such misconduct and the adult coaches' failure to appropriately supervised and discipline ND, TL decided he could not play football again to avoid the assaults and bullying behavior.

28. He has not played football since the fall of 2012.

29. Ultimately, in the Spring of 2013 during track season, another student was sexually assaulted by ND on a school bus traveling to or from a track meet, in the same fashion as TL was assaulted by ND on the school bus in the fall of 2012.

30. After the sexual assault described in the foregoing paragraph, the School District finally disciplined ND, and suspended him from school to finally protect LCSD students – albeit after TL and other students had already become ND's victims.

31. Hale and DOES were aware of ND's inappropriate and offensive conduct toward other students before TL was sexually assaulted on the school bus between September 14 and October 26, 2012.

32. As a direct and proximate cause of Defendants' negligence, and reckless and deliberate disregard for the safety of LCSD students by their failures to appropriately discipline ND and keep those other students safe, TL suffered serious emotional and physical distress, and interference with his educational and athletic opportunities.

33. TL's damages, proximately caused by the acts, errors and omissions of Defendants, include but are not limited to past, present and future pain and suffering, loss of enjoyment of life, and emotional distress and trauma.

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – SUBSTANTIVE DUE PROCESS (AGAINST HALE AND DOES)[1]

34. By this reference, Plaintiff incorporates each and every foregoing allegation and paragraph.

35. Defendants Hale and Does violated TL's substantive due process rights under the 14th Amendment of the United States Constitution in violation of 42 U.S.C. § 1983 because they created the danger of the assaults against TL, or increased TL's vulnerability to it, when they affirmatively permitted ND to continue playing on the football team and be unsupervised with his teammates on the bus and in showers after they knew about his misconduct and the obvious risk he posed for his teammates.

36. TL is a member of a limited and definable group – as he was one of the student athletes in the LCSD playing football for Star Valley High School, and on the same team with ND.

37. Defendant Hale's and Does' conduct of allowing ND to continue playing football despite their knowledge of his previous inappropriate sexual misconduct and bullying, and being

---

[1] Plaintiff presumes that this conscience shocking conduct of allowing ND to continue playing football and to be in the locker room and on the bus with his teammates, sometimes unsupervised, was not the product of a policy or custom of the LCSD. Similarly, Plaintiff presumes that Superintendent Abrams was unaware of this conscience-shocking danger-creation. If these presumptions are misplaced, Plaintiff will seek leave to amend to add either or both as defendants in this cause of action, as indicated by the facts.

near and around his teammates on the bus and in the showers put ND's teammates, including TL, at substantial risk of serious, immediate and proximate harm.

38. The risk ND presented for his teammates and TL was known or obvious that was so great that it was highly probable that serious harm would follow.

39. Defendant Hale and Does proceeded recklessly in conscious disregard of the risk and likely consequences.

40. Such reckless conduct by these Defendants, when viewed in the context of what Defendants' knew, shocks the conscience.

41. TL is entitled to monetary damages for his injuries, including but not limited to, those set forth herein, against Hale and DOES pursuant to 42 U.S.C. § 1983 for the violation of TL's Fourteenth Amendment rights, under color of law.

42. TL is entitled to an award of punitive damages against Hale and DOES for their wanton, willful, reckless and/or malicious acts.

43. TL is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION – NEGLIGENCE
### (AGAINST HALE, ABRAMS, DOES AND LCSD)

44. By this reference, Plaintiff incorporates each and every foregoing allegation and paragraph.

45. On information and belief, the LCSD carries liability insurance with Zurich, which covers liability for negligence extending LCSD's liability for this cause of action – negligence.

46. At all times pertinent hereto, Hale, Abrams, DOES and LCSD owed to Reilly and TL, a duty to exercise ordinary care in their respective roles to protect TL and his student-athlete teammates from known dangers, and to properly and promptly evaluate dangerous situations and act appropriately to protect them all.

47. Hale and the DOES breached their respective duties of ordinary care by disregarding the danger, failing to recognize the danger, and/or failing to prevent the sexual assaults and other misconduct by ND, by properly disciplining ND and removing him from the situations in which he could assault his teammates.

48. Abrams breached his duty as the direct supervisor of Hale and the DOES, by negligently supervising them.

49. Each of the individual and DOE defendants committed their negligent acts while acting in the course and scope of their employment with LCSD, and thus, LCSD is vicariously liable for their conduct.

50. TL is entitled to monetary damages for his injuries, including but not limited to, those set forth herein, against LCSD, Abrams, Hale and DOES.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Award Plaintiff compensatory damages in an amount to be determined at trial.

2. Award Plaintiff exemplary or punitive damages in an amount to be determined at trial.

3. Award Plaintiff her statutory interest, costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

4. Issue such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFFS, hereby demand that all matters so appropriate be tried and determined by jury.

DATED THIS 10th day of September, 2015.

_____
JOHN H. ROBINSON   WSB No. 6-2828
JAMIESON & ROBINSON, LLC
185 West Broadway – Suite 101
P.O. Box 4285
Jackson, Wyoming  83001
(307) 733-7703
(307) 577-9435 – FAX
robinsn@vcn.com

ATTORNEY FOR PLAINTIFF

# Exhibit #1.

# Notice of Claim

## NOTICE OF CLAIM

TO:  Lincoln County School District #2
c/o Jon Abrams, Superintendent
222 E. 4th Avenue
Afton, Wyoming 83110

NOTICE IS HEREBY GIVEN that ▓▓▓▓▓▓▓, a minor and through his parent, Dusty Reilly, does have claims as set forth in the Wyoming Statutes, Sections 1-39-101 et. seq. known as the Wyoming Governmental Claims Act, as more particularly described herein.

### A. TIME, PLACE AND CIRCUMSTANCES:

Sometime between September 14 and October 26, 2012, while participating as a student-athlete on the 9th Grade football team, and while riding the school bus returning from a football game, ▓▓▓▓ was sexually assaulted by another student-athlete (▓▓▓▓) who had previously demonstrated dangerous and inappropriate sexual tendencies toward ▓▓▓▓ and other students of the Lincoln County School District #2. At other times, both before and after, ▓▓▓▓ was assaulted and bullied by the same student in the locker room, who attempted to put his penis in contact with various portions of ▓▓▓▓'s body – as he also did to other "non-starters." He would call ▓▓▓▓ and other non-starters "gay" and a "faggot." It was the school district's responsibility to keep ▓▓▓▓ safe while participating as a student-athlete, including while on school buses traveling to and from sporting events, and in the locker room; regardless of the knowledge of the danger the other student presented. Instead, the adults who were to carry out the School District's responsibility for keeping ▓▓▓▓ safe exposed him to this dangerous situation, failed to recognize the danger posed or ignored that danger; and failed to prevent or stop the sexual assaults and bullying from occurring. The sexual assaults and bullying lasted throughout the football season in the fall of 2012, and as a result of such misconduct and the adult coaches' failure to appropriately supervise and discipline the perpetrator, ▓▓▓▓ decided he could not play football again to avoid the assaults and bullying behavior. Additionally, he endured both physical and emotional injuries.

### B. IDENTITY OF PUBLIC EMPLOYEES INVOLVED

The public employees involved known and unknown coaches for the school district who were aware of prior instances of dangerous and / or inappropriate conduct demonstrated by the perpetrator. They include, but are not limited to: Coach Ben Hale.

### C. CLAIMANT

The Claimant's name and address is:

▓▓▓▓▓▓▓
c/o Dusty Reilly

Notice of Claim – ▓▓▓▓ / Reilly
Page 1 of 3

P.O. Box 1122
Thayne, WY 83127

The Claimant's Attorney:

John H. Robinson, WSB # 6-2828
Jamieson Robinson, LLC
185 W. Broadway; Ste. 101
P.O. Box 4285
Jackson, WY 83001
(307) 733-7703

### D. COMPENSATION

A claim of compensation is demanded to compensate ▮▮▮▮▮ for his injuries and losses that resulted from the negligent and reckless acts, errors and omissions of those officials known and unknown, as outlined herein. ▮▮▮▮▮ demands that he be compensated to the fullest extent possible under the Wyoming Governmental Claims Act, or by any applicable policies of insurance or other insurance pools, for his losses including but not limited to losses for the following: Physical Injury; Emotional Trauma and Suffering and Loss of Enjoyment of Life, Humiliation, cost of future counseling. By making this claim, claimant does not in any way limit the amount he is entitled to receive under other laws. Claimant demands $1,000.000.00 One Million Dollars or the limit of insurance coverage to cover these losses.

### E. BOARD, AGENCIES & INDIVIDUALS

These claims are made against the following board, agencies or individuals:

Lincoln County School District #2
c/o Jon Abrams

### F. PRESENTATION

Duplicate copies of this claim are presented to the Lincoln County School District #2 through its Superintendent, Jon Abrams, pursuant to Wyo. Rev. Stat. § 1-39-113 (c)(iv).

DATED this 9th day of Sept ,2014.

_____, Claimant

_____
Dusty Reilly, mother of Claimant

Notice of Claim - ▮▮▮▮ / Reilly
Page 2 of 3

## CERTIFICATION UNDER PENALTY OF PERJURY and/or FALSE SWEARING

Wyoming Statute § 6-5-303. False swearing in nonjudicial or nonadministrative proceeding; false claims or vouchers; penalties.

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if, while under a lawfully administered oath or affirmation in a matter where an oath is authorized by law, he knowingly makes a false certificate, affidavit, acknowledgment, declaration or statement other than in a judicial or administrative proceeding.

(b) A person is guilty of a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he knowingly submits a false claim or voucher with intent to defraud.

(c) A person who knowingly makes a false certification under W.S. 1-2-104 is guilty of a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both.

We, ▓▓▓▓▓▓ and Dusty Reilly, have read and understand the provisions of the false swearing statute. We hereby certify under **penalty of false swearing** that the foregoing claim, including all of its attachments, if any, is true and accurate.

_____, Claimaint

_____
DUSTY REILLY, Parent of ▓▓▓▓▓

STATE OF WYOMING     )
                     ) ss.
COUNTY OF ~~PARK~~ Teton )

Subscribed and sworn to before me, a Notarial Officer, this 9th day of September, 2014, by ▓▓▓▓▓▓ and DUSTY REILLY.

_____
Notary Public

My Commission Expires: 1-21-2016

BECKY A. ADAMS - NOTARY PUBLIC
COUNTY OF LINCOLN · STATE OF WYOMING
1-21-2016

Notice of Claim – ▓▓▓▓ / Reilly
Page 3 of 3

# Exhibit #2.

# Affidavit of Service

# AFFIDAVIT OF SERVICE

STATE OF WYOMING )
) ss.
COUNTY OF TETON )

Todd Bontecou of Bontecou Investigative Services, Inc., being duly sworn, deposes and says deponent is not a party to this action, is over the age of eighteen years, and resides in Wilson, Wyoming, duly swears

that I served the LETTER AND NOTICE OF CLAIM to LINCOLN COUNTY SCHOOL DISTRICT #2 by serving JON ABRAMS, Superintendent, personally and in person at 2:46 pm on September 10, 2014 at 222 E. 4th Avenue, Afton, Wyoming 83110.

Dated this 11th day of September, 2014

_____
Todd Bontecou

STATE OF WYOMING )
) ss:
COUNTY OF TETON )

Subscribed and sworn before me by this 11th day of September, 2014

_____
Notary Public

Patricia S. Roscetti - NOTARY PUBLIC
COUNTY OF TETON
STATE OF WYOMING
MY COMMISSION EXPIRES - 8-19-2015

My Commission Expires: 8/19/15